Raineri v. USA                          CV-96-40-SD    06/30/97

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW HAMPSHIRE


Brian J. Raineri

    v.                                    Civil No. 96-40-SD

United States of America



## O R D E R


Perceiving that he is entitled to a post-incarceration continuation of status in the federal Witness Protection Program (Program), defendant Brian Raineri here seeks an order for specific performance of such right.[1]  In response, the government contends that Raineri is not entitled to such relief.[2]

---

[1]Defendant has recently engaged in a flurry of litigation leading to his filing and withdrawal of an appeal.  As a result of his withdrawal of the appeal, there remain pending his "Request for Enforcement of Protective Order II" and his "Request for Specific Performance."  This order addresses the issues raised in such pleadings, which the court construes to be identical.

[2]The government has agreed that Raineri is entitled to the benefit of the Program until his release from incarceration on or about July 7, 1997.  It contends that it has decided he is not in need of further protection, not only because of lack of danger, but also because his own actions in failing to keep secret his identity and whereabouts have put himself, the Program, and other participants therein in danger. Raineri contends that the sealing of proceedings concerning his participation in the Program demonstrates falsity of the latter contention.  However, the court finds, in light of the clear rules of law here applicable, that it is unnecessary to resolve this dispute between the parties.

The grant or withdrawal of participation in the Program is entrusted to the discretion of the Attorney General of the United States. 18 U.S.C. § 3521.[3] Accordingly, participants in the Program have no constitutional, statutory, or contractual right to enter into or remain therein. Abbott v. Petrovsky, 717 F.2d 1191, 1192-93 (8th Cir. 1983); Garcia v. United States, 666 F.2d 960, 963-64 (5th Cir., Unit B), cert. denied, 459 U.S. 832 (1982).

It follow that there is no agreement which this court can legally enforce concerning Raineri's post-incarceration continuation in the Program. Accordingly, his requests for such relief must be and they are herewith denied.

**SO ORDERED.**

_____
Shane Devine, Senior Judge
United States District Court

June 30, 1997
cc:   Andrew W. Serell, Esq.
      United States Attorney

---

[3] 18 U.S.C. § 3521(a)(1) vests authority in the Attorney General to determine who shall participate in the Program. Subsection (b)(1) of the same statute permits the Attorney General to continue such protection "for as long as, in the judgment of the Attorney General, the danger [to the Program participant] exists."

2